# ORIGINAL

# In the United States Court of Federal Claims

No. 15-324C
(Filed: September 30, 2015)

**FILED**

**SEP 3 0 2015**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| WILLIAM GERALD PRICE, | ) | |
| | ) | |
| *Pro Se* Plaintiff, | ) | |
| | ) | Motion to Dismiss for Lack of |
| v. | ) | Jurisdiction; RCFC 12(b)(1); Pro Se |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

In this action, pro se plaintiff William Price seeks $3,000,000 from the United States ("the government") as damages arising from actions of North Carolina state officials and a private citizen in two North Carolina state court proceedings. Specifically, Mr. Price alleges that in the first proceeding, a civil action between private parties, he was prevented as a nonparty from addressing the court. He also complains that in both proceedings, he was referred to as a member of the "sovereign citizen" movement. Finally, he objects to being referred to as a citizen of the United States.

Mr. Price asserts that this court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491. In the alternative, Mr. Price requests that this court transfer the matter to another court that would have jurisdiction. The government has moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States

Court of Federal Claims ("RCFC"). In addition, the government argues that transfer is not warranted.

The court has determined that oral argument is not necessary. For the reasons that follow, the government's motion to dismiss is **GRANTED** and Mr. Price's request for transfer is **DENIED**.

## I.    Introduction

Mr. Price filed his original complaint in this case on March 30, 2015. Mr. Price's claims arise from two North Carolina state court proceedings. In one, a civil action between private parties, he was prevented as a nonparty from addressing the court. Compl. 6. In both proceedings, Mr. Price was referred to as a member of the "sovereign citizen" movement. Compl. 2-4. He requested damages "in excess of $3,000,000 for . . . gross negligence, inalienable rights deprivation, violations of regulations of executive departments, violations of acts of congress, constitutional violations, property rights deprivation, slander, humiliation, embarrassment, [and] defamation of character." Compl. 6. Mr. Price also argued, citing the "Lieber Code" and the "Hague Conventions of 1917," that it is a "capital crime to change [his] status from a civilian State Citizen to a [United States citizen]." Compl. 6. Finally, Mr. Price requested a jury trial, punitive damages, and expenses. Compl. 7.

On April 23, 2015, the government filed its first motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The government pointed out that, despite the case caption, Mr. Price had not made any claims against the United States.

The government also argued that Mr. Price had not identified any particular federal statutes or regulations he alleges were violated.

On June 2, 2015, the court granted Mr. Price's motion to amend his complaint. In the same order, the court stayed briefing on the government's motion to dismiss and denied as moot a separate request by Mr. Price for enlargement of time.

Mr. Price filed an amended complaint on June 29, 2015. As an initial matter, he objects to the "mischaracterization of Civilian Citizens" as United States citizens. Am. Compl. 1. In addition, while the underlying facts alleged did not change, Mr. Price added claims of unjust enrichment and deprivation of liberty and a reference to the "Geneva Protocols of 1949." Id. at 7.

The following day, June 30, 2015, the government filed a renewed motion to dismiss for lack of jurisdiction. The government argues that Mr. Price's amended complaint fails to allege a claim against the United States, or one that is based on a contract with the United States, or which is based upon a money-mandating provision of the Constitution, a federal statute, or a federal regulation, as required under the Tucker Act. 28 U.S.C. § 1491. Mr. Price's claims seem to be against state officials and private individuals in North Carolina and have "[no]thing whatsoever to do with any Government contract, or with a money mandating statute, regulation, or constitutional provision." Def's Renewed Mot. to Dismiss 6-7. Therefore, the government argues, this court lacks jurisdiction.

On August 5, 2015, Mr. Price filed a "motion for clarification and objection" in response to the government's motion to dismiss. Mr. Price requested clarification

"[w]hich United States is referred to, in the Motion to Dismiss" and objected that the government failed to answer timely, plead, defend, or request an enlargement of time to file a pleading. Pl.'s Mot. for Clarification & Obj. 1.

On August 26, 2015, the government filed a response to Mr. Price' motion. The response explained that the government's motion to dismiss was timely pursuant to RCFC Rule 12(a)(4) and reiterated the government's request for dismissal for lack of subject matter jurisdiction.

Mr. Price filed a second motion for clarification and objection on September 10, 2015. Mr. Price largely repeats his earlier assertions and objections, but also requests that the court transfer this case if the court determines that it lacks jurisdiction.

The government filed a response to Mr. Price's second motion on September 15, 2015. With regard to Mr. Price's request for transfer in the event the court finds that it lacks jurisdiction, the government argues that this case does not meet the criteria for transfer laid out in 28 U.S.C. § 1631 because Mr. Price's claims are frivolous and do not state any possible federal claim or any basis for federal court jurisdiction.

## II.   Legal Standards

The plaintiff bears the burden of establishing subject matter jurisdiction and must do so by a preponderance of the evidence. Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). Subject-matter jurisdiction can never be forfeited or waived. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff.  See Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993).  However, if a motion to dismiss for lack of jurisdiction challenges the truth of the alleged jurisdictional facts, a court is not restricted to the face of the pleadings and may review extrinsic evidence in order to establish the predicate jurisdictional facts.  Id. at 1584; see also Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014).

The Tucker Act, 28 U.S.C. § 1491, grants this court jurisdiction over claims against the government that are founded on the Constitution, laws, treaties, or contracts of the United States.  See, e.g., Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).  However, the Tucker Act does not creates substantive rights; it only waives sovereign immunity for claims premised on other sources of law, such as statutes or contracts, that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained."  Jan's Helicopter Serv., Inc. v. F.A.A., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting United States v. Mitchell, 463 U.S. 206, 216-17 (1983)).

A pro se complaint is held "to less stringent standards than formal pleadings drafted by lawyers."  Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  However, a pro se plaintiff must nevertheless meet jurisdictional requirements.  Mora v. United States, 118 Fed. Cl.

713, 715 (2014) (citing <u>Kelley v. U.S. Dep't of Labor</u>, 812 F.2d 1378, 1380 (Fed. Cir.

1987); <u>Bernard v. United States</u>, 59 Fed. Cl. 497, 499 (2004)).

Finally, if a court finds that it lacks jurisdiction to hear a case, the court must

transfer the case to another court, as defined in 28 U.S.C. § 610, that does have

jurisdiction "if it is in the interest of justice." 28 U.S.C. § 1631. The Federal Circuit has

determined that the phrase "if it is in the interest of justice" relates to claims which are

nonfrivolous. <u>See Galloway Farms, Inc. v. United States</u>, 834 F.2d 998, 1000 (Fed. Cir.

1987). "Put another way, this Court should transfer the matter unless it finds that the case

involves 'legal points not arguable on the merits' or that the 'disposition is obvious.'"

<u>Ross v. United States</u>, 122 Fed. Cl. 343, 349 (2015) (citing <u>Galloway Farms</u>, 834 F.2d at

1000-01).

## III.   Discussion

### A.   This court lacks jurisdiction to hear Mr. Price's claims.

Mr. Price's complaint fails to articulate a claim within this court's jurisdiction.

Despite naming the United States as defendant, Mr. Price's complaint seeks damages

arising from actions of North Carolina state officials and a private citizen in North

Carolina state court proceedings. This court lacks jurisdiction over claims where the

defendant is any entity other than the United States. <u>Davis v. United States</u>, No. 09-

862C, 2010 WL 1685907, at *4 (Fed. Cl. Apr. 22, 2010) (citing 28 U.S.C. § 1491; <u>United</u>

<u>States v. Sherwood</u>, 312 U.S. 584, 588 (1941)). Therefore, any claims against North

Carolina, state officials, or private individuals are outside this court's jurisdiction and

should be dismissed pursuant to RCFC 12(b)(1). In addition, the actions of state officials

generally cannot be attributed to the United States. See Withers v. United States, No. 06-64C, 2006 WL 5640831, at *2 (Fed. Cl. June 14, 2006) (citing Shewfelt v. United States, 104 F.3d 1333, 1337-38 (Fed. Cir. 1997). Finally, even if the court interprets Mr. Price's claims as being made against the United States, he does not identify any source of law that can fairly be interpreted as money mandating. Mr. Price's vague references to violations of constitutional provisions, statutes, and regulations, as well as his citations to the laws of war, are insufficient.

### B.    Transfer would not be in the interest of justice.

Mr. Price asks this court to transfer his case in the event this court finds that it lacks jurisdiction. However, transfer is inappropriate here because no other court, as defined in the transfer statute,[1] appears to have jurisdiction and because Mr. Price's claims are frivolous. Mr. Price's case does not meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332. As alleged in the complaint, Mr. Price is a citizen of North Carolina and appears to be making claims against other private citizens of North Carolina, North Carolina state officials, and the state itself. In addition, Mr. Price's claims related to alleged "negligence, . . . slander, humiliation, embarrassment, [and] defamation of character" do not raise a federal question under 28 U.S.C. § 1331. Finally, any claim that could be interpreted as raising a federal question entirely lacks merit. Mr.

---

[1] The term "courts" includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade. 28 U.S.C. § 610.

Price's objections to being prevented, as a nonparty, from addressing a court and to being referred to as a member of the "sovereign citizen" movement and as a citizen of the United States, without more, do not amount to a valid claim arising under the Constitution, laws, or treaties of the United States. See id.; cf. Cooper v. United States, 104 Fed. Cl. 306, 315 (2012) (transferring, to district court, nonfrivolous claims that related to pro se prisoner plaintiff's criminal trial, conviction, and imprisonment and claims that the government acted in an unlawful manner in connection with the plaintiff's prosecution).

## IV.    Conclusion

For these reasons, the government's motion to dismiss Mr. Price's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) is **GRANTED** and Mr. Price's request for transfer is **DENIED**.  The Clerk is directed to enter judgment accordingly.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

_____
NANCY B. FIRESTONE
Judge